## G. P. ROLLINS v. THE STATE.

*No. 387.   Decided February 7.*

1.   **Continuance.** — An application for continuance, to be sufficient, must state the facts expected to be proved by the absent witness; mere conclusions, or vague, indefinite allegations, will not suffice.

2.   **Charge and Requested Instructions—Practice.**—When the charge of the court is sufficiently full and explicit upon an issue in the case, it is not error to refuse requested instructions upon the same issue.

3.   **Theft—Market Value.**—On a trial for theft of a saddle, where the evidence showed that the actual value was $22, and that since its recovery by the owner, after it was stolen, he had refused that sum for it, *held*, legitimate and sufficient proof of " market value."

APPEAL from the District Court of Johnson.   Tried below before Hon. J. M. HALL.

Appellant was indicted for the theft of a saddle, of the value of $25, the property of one Will Hunsucker.   The trial resulted in his conviction, with punishment assessed at imprisonment in the penitentiary for a term of two years.

No statement necessary.

*Ward & Weir*, for appellant, filed an able and interesting brief in the case.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—1. This conviction was for theft of a saddle. Continuance was sought for the testimony of one Jones, by whom defendant expected to prove he " traded for the saddle alleged to have been stolen."   Mere conclusions, or vague, indefinite allegations, will not suffice in setting out testimony expected to be shown by absent witnesses. The facts they are expected to detail should be stated definitely.   Willson's Crim. Proc., sec. 2165.

If Jones was present and witnessed such trade, he was cognizant of the attendant circumstances, and the application should have stated the facts. When was the trade made, and where ?   From whom was the purchase made, or with whom was the trade consummated ?   These matters should have been stated.

2.   The requested charges in reference to venue were correctly refused. The court sufficiently charged upon that issue.   The testimony conclusively shows the saddle to have been taken in Johnson County, and that it was within a few hours thereafter taken from defendant in the town of Alvarado, in said county.   The venue was not a disputed question, under the evidence adduced on the trial.

3. The testimony as to the value was properly admitted. The actual value of the saddle was shown to be $22, and this was not contradicted, and that the owner had since its recovery refused that sum for it. This was sufficient and legitimate proof of its " market value."

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.